**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| WORLDSPACE, INC., et al., | ) Case No. 08-12412(PJW) |
| | ) |
| Debtors. | ) Jointly Administered |
| ———————————————————— | ) |
| | ) |
| MATHEWKUTTY SEBASTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 14-50365(PJW) |
| | ) |
| DONALD J. FRICKEL, ROBERT A. | ) |
| SCHMITZ, QUEST TURNAROUND | ) |
| ADVISORS LLC, and SHEARMAN | ) |
| & STERLING LLP, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| CHARLES M. FORMAN, as chapter 7 | ) |
| Trustee of WorldSpace, Inc., | ) |
| et al., | ) |
| | ) |
| Nominal Defendant. | ) |

## ORDER

For the reasons set forth in the Court's memorandum opinion of this date, Plaintiff's motion for reconsideration (Doc. # 31) is **denied**.

Peter J. Walsh
United States Bankruptcy Judge

Dated: December 5, 2014

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WORLDSPACE, INC., et al., | ) | Case No. 08-12412(PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ───────────────────────── | ) | |
| | ) | |
| MATHEWKUTTY SEBASTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 14-50365(PJW) |
| | ) | |
| DONALD J. FRICKEL, ROBERT A. | ) | |
| SCHMITZ, QUEST TURNAROUND | ) | |
| ADVISORS LLC, and SHEARMAN | ) | |
| & STERLING LLP, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES M. FORMAN, as chapter 7 | ) | |
| Trustee of WorldSpace, Inc., | ) | |
| et al., | ) | |
| | ) | |
| Nominal Defendant. | ) | |

## MEMORANDUM OPINION

Teresa K.D. Currier
Lucian B. Murley
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

Attorneys for Robert A. Schmitz
and Quest Turnaround Advisors,
LLC

Donald J. Frickel
1155 Old Gate Court
McLean, Virginia 22102

Acting pro se

Thomas G. Macauley
MACAULEY LLC
300 Delaware Avenue
Suite 760
Wilmington, DE 19801

Attorneys for Mathewkutty
Sebastian

2

John T. Dorsey
Edmon L. Morton
Elizabeth S. Justison
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

William J.F. Roll, III
Karen Hart
Juliana Clay
Brian Calandra
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

Attorneys for Defendant
Shearman & Sterling LLP


Dated: December 5, 2014

3

**WALSH, J** P&~ An. ~

This opinion is with regard to the motion for
reconsideration filed by Plaintiff Mathewkutty Sebastian. (Doc. #
31) The motion for reconsideration stems from the original motion
to dismiss filed by Defendants Donald J. Frinckel, Robert A.
Schmitz, Quest Turnaround Advisors LLC, Shearman and Sterling
LLP, and Charles M. Forman as Chapter 7 Trustee of WorldSpace,
Inc., *et al.* (Doc. # 24). The motion sought to dismiss the
verified derivative complaint filed by Mathewkutty Sebastian (the
"Plaintiff"). The Court granted the motion based on Plaintiff's
lack of standing since Plaintiff was an employee of WorldSpace
Middle East FZCO ("FZCo") and thus was not an employee of the
debtor WorldSpace, Inc. ("WorldSpace").

For the reasons detailed below, the Court finds that
Plaintiff lacks standing and the motion for reconsideration is
denied.

"A motion for reconsideration...is an extraordinary
means of relief in which the movant must do more than simply
reargue the facts of the case or [the] legal underpinnings." In
re Fruehauf Trailer Corp., No. 96-01563 PJW, 2012 WL 604145, at
*1 (Bankr. D. Del. Feb. 17, 2012) (Walsh, J.)(citations omitted).
A party seeking reconsideration must establish at least one of
the following grounds: (1) an intervening change in the
controlling law; (2) newly available evidence; or (3) the need to

4

correct a clear error of law or fact to prevent manifest injustice. Id. None of these grounds are asserted in the motion for reconsideration.

Plaintiff's position has evolved over time as shown by the following:

> "5.   Sebastian is a resident of India and was an employee of WorldSpace, Inc. ("WorldSpace") between January 2004 and March 29, 2010.  After his employment with WorldSpace ended, Sebastian filed Claim No. 353 with this Court, asserting an administrative expense claim in the amount of $170,705.90."

(Verified Derivative Complaint, Doc. # 1, p. 2.)

* * *

> "MR. MACAULEY: Good morning, your Honor.  Thomas Macauley on behalf of Matthewkutty Sebastian.
>
> He is a Indian citizen.  He was an employee of WorldSpace, Inc. who was stationed in Dubai.  He has an administrative claim for about 170,000 dollars, based on unpaid wages, vacation, and benefits pursuant to his employment contract with WorldSpace, Inc.:

(Hearing Tr. 06/12/12, Ex. 2, p. 8)

* * *

> "5.   ...He was employed under an employment contract with WorldSpace, Inc. ("WorldSpace" between January 2004 and March 29, 2010.  After his employment with WorldSpace ended, Sebastian filed Claim No. 353 with this Court, asserting an administrative expense claim in the amount of $170,705.90."

(Amended Verified Derivative Complaint, Doc. # 19, p. 2.)

* * *

> "Sebastian, an Indian citizen, was employed under an employment contract with

WorldSpace from before the Petition Date
until March 29, 2010"

(Doc. # 20, p. 5.)

Now, in the motion for reconsideration, Plaintiff
asserts the following:

"3.   Nowhere does the Amended Complaint allege,
however, that Sebastian was an employee of WorldSpace.
Instead, the relevant allegation reads: "[Sebastian]
was employed under an employment contract with
[WorldSpace] between January 2004 and March 29, 2010"
Amended Complaint ¶ 5.

4.   Sebastian's standing to assert this derivative
action, therefore, is not premised on any allegation
that he was an employee of WorldSpace.

5.   Instead, Sebastian's standing is based on his
claim against WorldSpace that arises from his
employment contract, dated July 1, 2008, and is signed
by WorldSpace's Chief Operating Officer.   In other
words, Sebastian has a contract claim against
WorldSpace.   As the signatory to the contract,
WorldSpace -- not FZCO -- is obligated on the terms of
that contract.   Furthermore, WorldSpace signed the
contract for itself, not on behalf of FZCo."

(Doc. # 31, pp.2-3.)

Thus, Plaintiff now argues that he never claimed to be
an employee of WorldSpace.   Instead, Plaintiff now argues that he
has some unspecified contract claim against WorldSpace and thus
standing to assert derivative claims, because an officer of
WorldSpace counter-signed his employment contract.

It is my understanding that at all relevant times FZCo
was an 80% equity subsidiary of WorldSpace, Inc.   The July 1
employment letter was carefully crafted to make it clear that

6

WorldSpace was not committed to Sebastian for anything.  It was
an agreement between Sebastian and FZCo (the "Company"),

The dispute here raises an issue of contract
interpretation.  I conclude that Sebastian's interpretation has
no merit.  Consequently, the motion for reconsideration is
denied,